UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRENAYDER C. WILLIAMS,

            Plaintiff,

v.

            Case No. 12-CV-828-JPS

MILWAUKEE HEALTH SERVICES, INC.,

            Defendant.

            ORDER

1.     BACKGROUND

Plaintiff Brenayder C. Williams, proceeding *pro se,* brings claims of age discrimination, disability discrimination and wrongful termination against defendant Milwaukee Health Services Inc. ("MHS"), her former employer. (Docket #1).

In particular, Plaintiff claims she "asked several times" for a promotion to the position of "lead" dental assistant, "was denied this request[,]" and "in around about [sic] early 2010 the promotion was given to an individual that [she] had trained and was much younger than [Plaintiff]." (*Id.* at 3).

Later the following year, Plaintiff contends, MHS failed to reasonably accommodate physician-prescribed work restrictions in tailoring her duties as a dental assistant. (*Id.* at 4).

Finally, in November 2011, MHS terminated Plaintiff on grounds (which she claims are bogus) that she "solicited pain medications from three dental providers, insulted a dental provider…and [had] excessive absenteeism." (*Id.* at 3); (Docket #51-4, 40). This termination was wrongful,

Plaintiff claims, because MHS did not follow "disciplinary steps" it prescribed. (*Id.* at 3-4).

Now, the parties' cross-motions for summary judgment are before the Court. (Docket # 51); (Docket #s 52-53).[1]

2. SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In other words, in determining whether a genuine dispute of material fact exists, the court must construe all reasonable inferences in favor of the non-movant. *Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Voigt*, 700 F.2d 341, 349 (7th Cir. 1983).

---

[1] As MHS points out in a motion to strike (Docket #54), the filings Plaintiff styles as her motion for summary judgment are not only belated in part – the evidentiary portion of her submission (Docket #53) was filed four days *after* the dispositive motion due date (Docket #22) – her submission (as a whole) also utterly fails to comply in a number of material respects with Civil Local Rule 56 (governing summary judgment procedures), notwithstanding MHS duly-notifying Plaintiff (who proceeds *pro se*) in accordance with Civ. L. R. 56(a) (apprising *pro se* litigants of various potential pitfalls) (Docket #51-5). For example, aside from a fleeting reference to the latin phrase *prima facie*, it appears that none of Plaintiff's filings in this case contains any citation to legal authority (let alone the memorandum of law required under Civ. L. R. 56(b)(1)(A)).

Nevertheless, because Plaintiff's claims fail when analyzed *infra* on the merits, the Court will deny MHS's motion to strike as moot.

To be clear, "[w]hen a plaintiff….fails to produce evidence to defeat summary judgment, a defendant moving for summary judgment need not 'support its motion with affidavits or other similar materials *negating* the opponents claim.'" *Shields v. Dart*, 664 F.3d 178, 182 (7th Cir. 2011) (quoting Celotex *Corp. V. Catrett*, 477 U.S. 317, 323 (1986)); *see generally*, *Marion v. Radtke*, 641 F.3d 874, 876 (7th Cir. 2011) ("The burden of production and the risk of non-persuasion rest with the plaintiff in civil litigation.").

3. DISCUSSION

    3.1    Age Discrimination Claim

Given that Plaintiff brings her age discrimination claim to federal court (but cites no legal authority therefor), the Court construes the claim as being brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634.

Section 626(d)(1) of the ADEA provides a cause of action for age discrimination only where a charge alleging unlawful discrimination has been filed within 180 (or in certain circumstances) 300 days "after the alleged unlawful practice occurred[.]" In other words, there is a short statute of limitations for an age discrimination claim under the ADEA. *See generally*, *Knutson v. UGS Corp.*, 526 F.3d 339, 341 (7th Cir. 2008) (discussing reasons for the short statute of limitations).

Here, Plaintiff's complaint alleges only one discrete instance of age discrimination: failure to promote "in around about [sic] early 2010[.]" (Docket #1, 3). In its answer, MHS pled statute-of-limitations as an

affirmative defense. (Docket #8, 2).[2] Now, in its motion for summary judgment, MHS submits that the only "Charge of Discrimination" Plaintiff filed with the EEOC – dated November 28, 2011 – claims denial of a "promotion opportunity" "[i]n or around April *2011*" rather than *2010*. (Docket #51-4) (emphasis added); (Docket #51-1, 10-11). In response, Plaintiff clarifies that she was "denied promotions in both year(s) 2010 and 2011 because of [her] age" and offers no other charge(s) of discrimination into evidence (Docket #52, 2).

Unfortunately for Plaintiff, her age discrimination claim – which the complaint bases *only on* her *2010* promotion denial – is now time-barred under 29 U.S.C. § 626(d)(1) because she failed to raise *that particular promotion denial* in a timely fashion with the EEOC. To be clear, "[a]n aggrieved employee may not complain to the EEOC of only certain instance of discrimination, and then seek judicial relief for different instances of discrimination." *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992). "The purpose of this requirement is twofold: to promote resolution of the dispute by settlement or conciliation and to ensure that the sued employers receive adequate notice of the charges against them." *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009).

Even if Plaintiff had raised the 2010 denial in her "Charge of Discrimination" filed with the EEOC on November 28, 2011, it still would be

---

[2] "Federal Rule of Civil Procedure 8(c) requires a defendant to plead a statute of limitations defense and any other affirmative defense in his answer to the complaint. The purpose of that rule, as courts have long recognized, is to avoid surprise and undue prejudice to the plaintiff by providing her notice and the opportunity to demonstrate why the defense should not prevail." *Venters v. City of Delphi*, 123 F.3d 956, 967 (7th Cir. 1997).

untimely because 300 days – even counting generously from the last day in 2010 – elapsed before November 28, 2011.

With the benefit of the foregoing analysis, the Court is obliged to grant MHS summary judgment on Plaintiff's age discrimination claim because it is time-barred.

### 3.2  Disability Discrimination Claim

Given that Plaintiff brings her disability discrimination claim to federal court (but cites no legal authority therefor), the Court construes the claim as being brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

> The ADA requires employers to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the business of [the employer]." 42 U.S.C. § 12112(b)(5)(A). In order to establish a prima facie case of failure to accommodate under the ADA, "a plaintiff must show that: (1) she is a qualified individual with a disability; (2) the employer was aware of her disability; and (3) the employer failed to reasonably accommodate the disability." Kotwica v. Rose Packing Co., 637 F.3d 744, 747–48 (7th Cir.2011).

*Cloe v. City of Indianapolis*, 712 F.3d 1171, 1176 (7th Cir. 2013).

"To survive a motion for summary judgment, a plaintiff must present the court with evidence that, if believed by a trier of fact, would establish *all three* elements of her claim. *Elkstrand v. Sch. Dist. Of Somerset*, 583 F.3d 972, 975 (7th Cir. 2009)." *Kotwica*, 637 F.3d at 748 (emphasis added). In other words, Plaintiff's failure to present evidence on *any one* of these three elements would prove fatal to her claim.

Here, MHS contends, *inter alia*, that Plaintiff has failed to provide the Court competent evidence of *either*: (i) her alleged disability; *or* (ii) that MHS was aware of her alleged disability. (Docket #51-1, 19).

With regard to the second element – whether MHS was aware of her alleged disability – Plaintiff responds by offering only more bald-faced factual allegations. *E.g.*, (Docket #52, 1, alleging *in her summary judgment brief* that "[she] provided both human resources and dental director, Jorelle Alexander, a copy of [her] work restrictions after [her] return from FMLA."). To support these allegations, Plaintiff offers as evidence only a single-page document titled: "Return to Work/School" which appears to be signed by a medical professional and prescribes the following restrictions: "patient should not do a lot of walking, do more sitting an [sic] should not lift over 5 or 10 lbs[.]" (Docket #53-1, 18).[3] Unfortunately for Plaintiff, this document reasonably evidences only that certain restrictions were prescribed. No reasonable jury could infer from this document alone that MHS was aware of these restrictions (putting aside the question of whether or not they amount to a cognizable disability). Having reviewed the balance of the exhibits Plaintiff appended to her (belated) summary judgment briefing (Docket #s 53 and 53-1), the Court is obliged to find that Plaintiff has failed to carry her burden of production as to the second element of her disability discrimination claim.

With the benefit of the foregoing analysis, the Court is obliged to grant MHS summary judgment on Plaintiff's disability discrimination claim.

---

[3] Plaintiff refers to this document as her "Ex. C"

### 3.3 Wrongful Termination Claim

> Under the law of Wisconsin, a wrongful discharge of an employee at will occurs only when "the discharge is contrary to a fundamental and well-defined public policy…evidenced by a constitutional or statutory provision." *Brockmeyer v. Dun & Bradstreet*, 113 Wis.2d 561, 573, 335 N.W.2d 834, 840 (1983). Thus, absent the parties' express abrogation of an employee's "at will" status, employees in Wisconsin are "dischargeable at the whim of the employer, subject to the unusual public policy considerations that may occasionally arise and which were explained in *Brockmeyer*…." *Ferraro v. Koelsch*, 124 Wis.2d 154, 165, 368 N.W.2d 666 (1985). See also *Koehn v. Pabst Brewing Co.*, 763 F.2d 865, 865 (7th Cir.1985); *Kumpf v. Steinhaus*, 779 F.2d 1323, 1326 (7th Cir.1985)
>
> . . .
>
> [T]he Wisconsin Supreme Court in *Ferraro* has held that in light of the state's policy favoring employment at will, "it would not by implication alone convert a handbook produced by an employer for guidance and orientation of employees into an express contract." 124 Wis.2d at 166, 368 N.W.2d 666 (emphasis in original). Rather, the court held that the particular handbook in question and the particular factual situation must be analyzed to determine whether the parties had manifested "an express intent to bind one another in a relationship that was not an at will employment contract." *Id.* at 168, 368 N.W.2d 666. Hence, under *Ferraro* an employment manual may only alter an employee's "at will employment" relationship if the manual contains express provisions from which the trier of fact may reasonably infer that the parties intended to bind each other to a different relationship.

*Mursch v. Van Dorn Co.*, 851 F.2d 990, 993-994 (7th Cir. 1988).

Here, Plaintiff claims that MHS's termination of her employment was wrongful (ostensibly, within the meaning of Wisconsin common law, as she cites no legal authority for her proposition) because MHS did not follow "disciplinary steps" it prescribed in MHS's 2010 employee handbook. (Docket #1, 3-4); (Docket #52 , 2).

In response, MHS offers as evidence a copy of Plaintiff's signed "Acknowledgment and Receipt of 2010 Employee Handbook" ("Acknowledgment") which provides, in relevant part:

> I further understand that the information, policies, and procedures contained in this booklet have been prepared as an aid and are general guidelines to give me a better understanding of my job at MHSI. However, the policies and procedures in this booklet and any other statements that may be issued from time to time may be departed from at the sole discretion of management. Neither alone nor taken together, do they constitute a promise or contractual commitment of any kind….I acknowledge that I am an employee "at-will", which means that the Company may discharge me at any time for any reason.

(Docket #51-4).

Viewing the Acknowledgment with the benefit of the teachings of *Mursch*, the Court finds that no jury may reasonably infer that the parties intended to bind each other to anything other than an at-will employment relationship. Therefore, she was "dischargeable at the whim of [her] employer" – meaning for any reason or no reason at all. *Ferraro*, 124 Wis.2d at 165.[4]

With the benefit of the foregoing analysis, the Court is obliged to grant MHS summary judgment on Plaintiff's claim of wrongful termination.

Accordingly,

IT IS ORDERED that Milwaukee Health Service Inc.'s "Motion for Summary Judgment" (Docket #51) be and the same is hereby GRANTED;

---

[4] The Court finds no salient policy considerations raised in the record.

Page 8 of 9

Case 2:12-cv-00828-JPS   Filed 10/04/13   Page 8 of 9   Document 58

IT IS FURTHER ORDERED that Milwaukee Health Service Inc.'s "Motion to Strike Plaintiff's Motion for Summary Judgment" (Docket #54) be and the same is hereby DENIED as moot;

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment (Docket #s 52 and 53) be and the same is hereby DENIED.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 4th day of October, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge